IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE D. MEEKS,

    Petitioner,                    No. 2:12-cv-1070 AC P

  vs.

Warden, SALINAS VALLEY
STATE PRISON,

    Respondent.           ORDER AND

_____/      FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  By order filed on October 26, 2012, petitioner's in forma pauperis application was denied and he was directed to pay, within thirty days, the $5.00 filing fee because his in forma pauperis affidavit had failed to demonstrate an insufficiency of funds for him to afford the filing fee, costs and his life necessities.  By order filed on December 3,

---

[1] This petition was filed in the Fresno Division of the Eastern District of California on April 18, 2012, and was transferred to the Sacramento Division by order filed on April 24, 2012.  Thereafter, on October 26, 2012, Magistrate Judge Edmund F. Brennan denied petitioner's application to proceed in forma pauperis.  This case was reassigned to the undersigned on November 20, 2012, and petitioner paid his filing fee, according to the record, on November 29, 2012.

1

2012, petitioner was granted an extension of time to pay the filing fee. The case docket indicates that petitioner has paid the filing fee and has discharged the court's order.

Petitioner was convicted on February 3, 2009 by a jury in Sacramento County Superior Court of murder with the special circumstance of torture and found that to have personally used a knife. Petition, p. 1. He was sentenced to a state prison term of life without the possibility of parole on March 3, 2009. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner states within the petition that the grounds presented in the instant petition have not been brought before the state court because "the court appointed appellate attorney did not present them." Petition, p. 5. Petitioner also indicates in his petition that he has not filed any state court habeas petition. Id. at 2. Thus, the claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[3]

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner has discharged the court's order, filed on October 26, 2012, and has paid the filing fee;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

3. The Clerk of the Court is to make a random district judge assignment to this case.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2013.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
meek1070.103

---

statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3